■ DAISY BERNSTEIN, Respondent, v. FOOD CITY, INC., Appellant.— Order entered October 29, 1968, unanimously reversed on the law, on the facts and in the exercise of discretion without costs and without disbursements, and without prejudice to a new application at Trial Term for a preference, to be made upon proper papers containing appropriate medical proof. Mere proof of plaintiff's advanced "Age alone does not warrant the granting of a preference [citing cases] " (*Dodumoff* v. *Lyons*, 4 A D 2d 626, 627). Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Markewich, JJ.

■ FAYE GENIN, Mother on Behalf of ALENE GENIN and Another, Respondent, v. ROBERT GENIN, Appellant.— Order of Family Court, entered June 28, 1968, unanimously modified, on the law and on the facts, to delete the provisions therein for weekly deposit of sums into savings accounts for each child on her 21st birthday, and order otherwise affirmed, without costs and disbursements. Provisions of this nature are not authorized by the Family Court Act and, furthermore, the sums which were also provided to be paid weekly by the respondent-appellant for the support of his children are adequate to meet their present needs. The record supports such allowances. Finally, with reference to the counsel fee we note that services have been rendered in connection with this appeal and, on that basis, we have concluded that the allowance may stand. Concur — Eager, J. P., Capozzoli, Markewich and McNally, JJ.

■ In the Matter of MILTON LEVIN, Also Known as MILTON M. LEVIN, an Attorney.— Application for reinstatement as a member of the Bar granted. Concur — Stevens, P. J., Eager, Capozzoli, Markewich and McNally, JJ.